# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-533V
(Filed September 15, 2014)
### NOT TO BE PUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| JOHN NAZAKA, * | |
| * | Special Master Corcoran |
| Petitioner, * | |
| * | |
| v. * | Entitlement; On-Table Injury; Conceded |
| * | |
| SECRETARY OF HEALTH AND * | |
| HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * | |

* * * * * * * * * * * * * * * * * * * * * * * *

*Maximillian J. Muller*, Philadelphia, PA, for Petitioner.

*Debra Begley*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

## RULING FINDING ENTITLEMENT[1]

On June 23, 2014, Petitioner John Nazaka filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he suffered from Parsonage-Turner Syndrome (also known as brachial neuritis ("BN")) as a result of receiving the tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine on September 10, 2013.

---

[1] Because this ruling contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the ruling will be available to the public. *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C.A. § 300aa-10 – 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

In the Rule 4(c) Report, Respondent stated that the Petitioner's claim is compensable under the Act. Respondent specifically stated that the Division of Vaccine Injury Compensation (DVIC), Department of Health and Human Services, has reviewed the facts of this case and has concluded that the Petitioner is entitled to a presumption of causation, and has established a Table Injury (*see* § 300aa-13(a); 42 C.F.R. § 100.3 (a)(I))) because "he has demonstrated that he suffered from BN, and the first symptom of his BN manifested two to twenty-eight days after receiving his Tdap vaccination" and "DVIC has determined that there is not a preponderance of evidence that the BN is due to factors unrelated to the vaccine." Rule 4(c) Report at 1. Additionally, the Rule 4(c) Report acknowledges that Petitioner has satisfied all the other legal prerequisites for compensation under the Vaccine Act. *Id.* at 4. Respondent therefore concludes that Petitioner is entitled to an award of damages.

In view of Respondent's concession, and based on my own review of the record (*See* § 300aa-13(a)(1); 42 C.F.R. § 100.3 (a)(I)), I find that Petitioner is entitled to compensation for an injury that was caused-in-fact by a covered vaccine. 42 C.F.R. §§ 100.3(a)(XIV), 100.3(b)(2). A separate damages order will issue shortly.

Any questions may be directed to my law clerk, Ashley Yull, at (202) 357-6391.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master